**Louis David QUERY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9910–CR–733.

Court of Appeals of Indiana.

March 15, 2000.

Rehearing Denied May 12, 2000.

Terry R. Curry, Butler Hahn Hill & Schembs, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Louis David Query (Query), by this interlocutory appeal, challenges the trial court's denial of his motion to suppress.

We reverse.

The facts reflect that on October 31, 1998, a confidential informant working with Detective Matthew Fillenwarth (Fillenwarth) of the Greenwood Police Department arranged to purchase methamphetamine from Query at his residence, 4140 El Lago Boulevard, Apartment A in Indianapolis. Detective Fillenwarth provided the informant with money and a wireless transmitter. The informant, while under observation, exchanged the money for a substance which the informant thought, based upon his experience as a user, was methamphetamine.

Detective Fillenwarth conducted two field tests on the substance. The substance tested negative for methamphetamine. He tested the substance again, and the substance tested positive for methamphetamine. Detective Fillenwarth believed that the first test's results were affected by the use of a cutting agent. Detective Fillenwarth, apparently, sent the substance for testing by the forensic laboratory.

On November 2, 1998, Detective Fillenwarth prepared an affidavit for probable cause and submitted it to the Judge of the Johnson Circuit Court in order to obtain a search warrant for Query's residence in Indianapolis.[1] The affidavit described the events which occurred with the informant, but did not disclose the informant's identity. The court issued the search warrant on that day.

On November 3, 1998, Detective Fillenwarth learned that the laboratory results

---

1. Although some jurisdictions limit magistrates to their own territorial jurisdiction with regard to issuance of search warrants, our controlling statute, I.C. 35–33–5–7, specifical-ly states that a search warrant issued by a court of record may be executed "anywhere in the state."

revealed that the substance did not contain methamphetamine. Detective Fillenwarth spoke with Brad Cooper (Cooper), a Deputy Prosecutor with the Johnson County Prosecutor's Office concerning the laboratory results. Cooper advised Detective Fillenwarth that the laboratory results did not change the basis for probable cause. Even if Query did not sell methamphetamine to the confidential informant, he sold a substance represented as a drug. Under I.C. 35–48–4–4.5 (Burns Code Ed. Repl.1998), a person delivering a substance other than a controlled substance, which is represented as a controlled substance commits a class D felony. Neither Cooper nor Detective Fillenwarth informed the issuing judge of the laboratory results.

The search warrant was executed on November 4, 1998. Upon a search of Query's residence, 81 grams of "uncut" cocaine and drug paraphernalia were found. Query was charged with Dealing in Cocaine,[2] a Class A felony and Possession of Cocaine,[3] a Class C felony. On January 26, 1999, Query moved to suppress the cocaine. On July 16, 1999, after a hearing, the trial court denied the motion to suppress.

The trial court, in its order, determined that Detective Fillenwarth was required to inform the issuing judge that some of the information in the probable cause affidavit was incorrect. Nevertheless, the trial court considered the effect of the laboratory report upon the finding of probable cause, and concluded that the warrant would have been valid even if the laboratory results were included in the affidavit because there was probable cause to believe Query was dealing in a look-a-like substance. On July 30, 1999, Query petitioned for certification of the trial court's order for interlocutory appeal pursuant to Ind.App. Rule 4(B)(6), which we granted.

Upon appeal, Query contends that Detective Fillenwarth's affidavit did not establish the probable cause required to issue a search warrant. Query maintains that the magistrate did not have a substantial basis to determine whether probable cause existed because Detective Fillenwarth failed to inform the magistrate of the negative laboratory results which were discovered after the search warrant was issued, but before its execution. We agree.

■ "In deciding whether to issue a search warrant, '[t]he task of the issuing magistrate is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Jaggers v. State* (1997) Ind., 687 N.E.2d 180, 181 (quoting *Illinois v. Gates* (1983) 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527). The reviewing court,[4] must then determine whether the magistrate had a substantial basis for reasoning that probable cause existed. *Jaggers, supra* at 181. This requires the reviewing court to decide whether reasonable inferences drawn from the totality of the evidence support the probable cause determination. *Id.* at 182. "In this review, we consider only the evidence presented to the issuing magistrate and not *post hoc* justifications for the search." *Id.*

■ In the instant case, the judge was not given all of the relevant information to make a probable cause determination. Detective Fillenwarth failed to inform the judge of the circumstances surrounding the testing of the substance obtained from Query's residence. The U.S. Supreme Court's holding, in *Franks v. Delaware* (1978) 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, prevents police officers from deliberately or recklessly presenting false

---

**2.** I.C. 35–48–4–1 (Burns Code Ed. Repl.1998).

**3.** I.C. 35–48–4–6 (Burns Code Ed. Repl.1998).

**4.** For this purpose, the "reviewing court" is both the trial court ruling upon the motion to suppress and an appellate court reviewing the decision. *Jaggers, supra,* 687 N.E.2d at 182.

material information in a warrant application. Further, police officers may not deliberately or recklessly omit material information from the application. *See U.S. v. Pace* (1990) 7th Cir., 898 F.2d 1218, 1232. Detective Fillenwarth knowingly omitted the negative laboratory results from the judge's consideration when he failed to update his affidavit which included a positive field test. The result was that the judge had less than full information to assess whether a search warrant should be issued.

■ When relevant information is omitted from an affidavit providing the probable cause for a search, we must analyze the information's likely effect upon the determination of probable cause as if the information had been included. *See Pace, supra*, 898 F.2d at 1232. If the negative laboratory results, the relevancy of which is undisputed, had been included in Detective Fillenwarth's affidavit, then a finding of probable cause based upon that affidavit would not have been proper.

■ Here, the trial court held that even with the inclusion of the laboratory results, the judge had probable cause to issue the search warrant because Query's suspected conduct could constitute dealing in a look-a-like substance. The trial court erroneously speculated on what the issuing judge would have decided had he known all of the relevant information. Even if the judge had reasoned that Query's conduct might be consistent with dealing in a look-a-like substance, at minimum, he would have been required to deny the issuance of the warrant based upon Detective Fillenwarth's affidavit. The affidavit submitted, however, provided no support to suspect Query was dealing in a look-a-like substance. In fact, Detective Fillenwarth asserted in the affidavit that he suspected the substance seized from Query's residence was methamphetamine. Upon learning of the negative laboratory results, Detective Fillenwarth could have submitted an updated affidavit. Because the issuing judge had less than full information,

we hold that the search warrant lacked a sufficient showing of probable cause.

■ We further note that the State may not rely upon the good faith exception to the exclusionary rule pursuant to *U.S. v. Leon* (1984) 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. Under the exclusionary rule, evidence obtained through an illegal search and seizure is inadmissible. *Newby v. State* (1998) Ind.App., 701 N.E.2d 593, 602. The good faith exception to the exclusionary rule does not require the suppression of evidence obtained in reliance of a defective search warrant if the police relied upon the warrant in good faith. *Id.*

■ In *Jaggers v. State, supra*, 687 N.E.2d at 184, our Supreme Court in construing the *Leon* exception, held that certain police conduct does not qualify for the good faith exception. Such conduct includes when a magistrate has been misled by information in an affidavit that the police knew was false or should have known was false absent a reckless disregard for the truth. *Id.* Here, neither Detective Fillenwarth nor Cooper informed the judge that a subsequent laboratory test showed no trace of methamphetamine. A magistrate may not make an informed determination of whether probable cause exists unless he or she is presented with all of the relevant information. "In applying *Leon*, our cases have stressed the importance of accurately presenting all relevant information to the magistrate." *Id.* at 185. In the instant case, the judge was misled because he believed the affidavit submitted by Detective Fillenwarth contained all of the relevant information needed to determine whether probable cause existed to issue a search warrant.

Appellant also challenges the reliability and credibility of the confidential informant. Because we have held that the search warrant was not based upon a sufficient showing of probable cause, we need not discuss appellant's assertion. We wish to emphasize, however, the importance of establishing an informant's reliability and

credibility. Here, Detective Fillenwarth's affidavit provides little information about the confidential informant other than the fact that he is a past drug user who knows that Query deals in methamphetamine. The affidavit explains that the informant was equipped with a wireless transmitter, but fails to disclose any details about the transaction between the informant and Query. Additionally, the affidavit makes no mention of the informant's reliability or a basis for the informant's knowledge. We have recognized many ways to establish reliability when hearsay is used to support probable cause including where "(1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activities by the suspect that are not ordinarily easily predicted." *Newby v. State, supra,* 701 N.E.2d at 598; *See also* I.C. 35–33–5–2(b) (Burns Code Ed. Repl.1998). These different methods of developing a foundation for an informant's tip were not employed in this case.

The judgment is reversed and the cause is remanded with instructions to grant the motion to suppress.

STATON, J., concurs with separate opinion.

BAKER, J., dissents with separate opinion.

STATON, Judge, concurring

I concur.

I write separately to underscore the proper procedure to be followed when new facts, such as the negative lab results at issue herein, come to light between the issuance of a search warrant and its execution. The determination of probable cause and the subsequent decision to issue a search warrant rest solely with the issuing magistrate. In this case, had the police informed the issuing magistrate of the negative lab results and filed an affidavit alleging probable cause to believe that Query was dealing in a look-a-like substance, it is likely that the magistrate would have issued a new warrant on that basis. However, the decision that probable cause exists despite new facts may not be determined by the police or the prosecutor's office, as was the case here. To hold otherwise would undermine the very purpose of the warrant requirement. Therefore, when new facts come to light after a warrant has been issued that may change the basis of probable cause, those facts must be communicated to the issuing magistrate for his consideration before a warrant may be executed.

BAKER, Judge, dissenting.

I respectfully dissent. While the majority concludes that Query's motion to suppress should have been granted because the detective failed to inform the judge of the negative lab results, I am unable to agree that the judge was without "full information to assess whether a search warrant should be issued." *Op.* at 132. While the better practice may have been for the detective to update the affidavit, the record supports a reasonable inference that Query's suspected conduct could have constituted dealing in a look-a-like substance. Moreover, it is apparent to me that an "updated" affidavit would only have proven that the police were searching for a look-a-like substance even though the real drug was actually seized during the course of the search. As the majority points out, a person who delivers a substance other than a controlled substance, which is represented as a controlled substance, commits a class D felony. *See* IND. CODE § 35–48–4–4.5. I therefore cannot agree that the search warrant issued here lacked a sufficient showing of probable cause or that the purpose of the warrant requirement has been undermined in these circumstances. I would affirm the trial court's denial of Query's motion to suppress.